Good morning, Your Honors. May it please the Court, my name is Vanessa Ortega-Barge for the petitioner. With the Court's permission, I would reserve three minutes for rebuttal. This case calls into question the due process protections afforded to people who are in immigration proceedings, who have specifically been deprived of effective assistance of counsel at the appellate level. You know I can hear you, but something's going wrong. I don't know. I'm sorry? Go ahead. Go ahead. Should I speak louder? I was having some difficulty understanding what you were saying, believe it or not. Maybe it's me. Go ahead. I'll listen carefully. You may want to keep your voice up just a little bit. Okay. Yes. Sorry. The case calls into question the due process protections afforded to immigrants in immigration proceedings and the effective assistance of counsel when it has been denied to immigrants at the appellate level, as well as the Board of Immigration Appeals' ongoing misapplication of the law under the Convention Against Torture. Mr. Landaverde was tortured in this case. He was also convicted in 1998 under California Penal Code 288, although the actual record of conviction in this case is incomplete. What is clear is that both the immigration judge and the Board of Immigration Appeals determined that his conviction under California Penal Code 288 rendered him ineligible for asylum, withholding, and notably deferral of removal under the Convention Against Torture, specifically because he was convicted of a particularly serious crime. The merits in the case were never actually reached. As this court is aware, deferral of removal is available to all, regardless of their criminal history. That is codified in ACFR Section 208.16, Subsection C, Subsection 4. It was also reiterated by this court in Edu v. Holder. That alone would have been sufficient grounds for remand as clear error, having been committed by the immigration judge and the Board of Immigration Appeals, particularly since the merits of his deferral claim were never actually reached. Counsel, the Board of Immigration Appeals did discuss whether he would be subject to torture when he ran back. The Board of Immigration Appeals never actually reached the findings. What the Board of Immigration Appeals did was it expressly adopted verbatim the letter that former counsel had submitted. Specifically, that letter is contradicted by the transcripts, so it was undermined by the transcripts as well as the declarations that were submitted before the immigration judge. Now, counsel, I'm looking at the Board's decision of December 16, 2011, and they have mentioned the particularly serious crime, but on page 2, they say even if we were to accept the arguments concerning the weight of the evidence, we would still deny the motion. I'm sorry. That is referring to the PSC. I'm sorry. Yes. No, you're correct. All right. I see where you're going. Okay. Go ahead. So the Board's acceptance of the attorney's analysis of the merits of the case are incorrect for several reasons. First, the transcripts and the evidence itself undermine that determination, particularly as he did explain, which was supported by declarations submitted from his home country, that his life remained in peril. Second of all, the attorney who did submit that letter had a motive to say that. Specifically, he was trying to avoid the consequences of rendering ineffective assistance of counsel and giving up the strongest argument available. Third of all, the actual ---- The attorney said, right, in his letter, the former attorney said he made a deliberate choice not to argue that. Isn't that what he said? He did say that. In other words, he said it was a tactical choice, and the reason he gave was because he thought it would be a frivolous argument. And apparently the Board gave that some credit, right? Yes, Your Honor. However, the Board's contention of strategy to abandon a viable and the most likely successful grounds for appeal is unacceptable. Counsel gained nothing by abandoning the strongest argument, which is ---- Well, what kind of showing do you have to make in order to meet the prejudice problem? In other words, if we assume that the attorney was deficient in not making that argument, you have to show prejudice of some kind, right? Yes, Your Honor. What is that showing that you think is sufficient to grant him a new hearing? First, he would have won the remand to the immigration judge. Factual findings were never made in this case by the immigration judge. The immigration judge basically reiterated the transcripts. She never reached the credibility. She never reached actual factual determinations. The merits of the claim were never reached. So he would have won on remand to at least have his claim for deferral evaluated, which was never done. As we decide on the record before us, you think we can assume, because you assume he would have won on remand, that he would have run on remand, or there's something in the record that in your view dictates his victory on remand? What do you point to that says he would have won on remand? The immigration judge determined at the first level, at the very first level, the immigration judge determined that the conviction, that a conviction for a particularly serious crime renders somebody ineligible for deferral of removal. That is belied by statute. It's belied by the Convention Against Torture. I misunderstood you. I thought you say he would have won on remand because he would not have, he would have somehow proved that he didn't commit the offense, the serious offense of which he was accused and convicted. He was convicted of the offense. Yes. Regarding whether or not the conviction is a particularly serious crime is a completely separate issue. He would have won on remand to at least have an evaluation on his deferral case. As for the particular state. He would have won but for what? But for the attorney's abandonment of that issue. Right. You know, I've seen these cases for a long, long time. I can't ever remember a case I've seen in the immigration context, and I've seen a lot of bad lawyering, but I can't ever remember a case in the immigration context where I've seen as complete a letter from counsel explaining why, what his strategy was and why he did not pursue it. Why isn't the BIA entitled to take that at its word? It was very, very clear and was very articulate. First and foremost, like I said, the actual transcripts as well as the evidence that had been submitted below contradicts his analysis of the case. It's not very strong, counsel. It really isn't. There's something there, but it's not very strong. There's nobody who's really looking for him that he can identify. He doesn't know who these death squads are. He doesn't have any grounds for asylum in the sense that he's not being persecuted on religious grounds or political grounds. He was a young boy when he went to the guerrilla camps, and although he says that his family says that somebody's looking for him, he has no idea who's looking for him. The evidence that he will be tortured if he goes back to El Salvador is really pretty thin. Although this argument, in all honesty, should not be litigated here. It should actually be remanded. Right, except that lawyers get a chance to craft a strategy for their clients, and they get to use their best judgment, and they don't have to exhaust every conceivable argument. And we have a very lengthy explanation from a lawyer saying, I didn't think we had a chance on that argument. I decided not to press it. His letter was not submitted under penalty of perjury. So to have the board to give weight to that letter. Does it have to be? Is there some rule that that violates? Well, when the petitioner submitted a sworn declaration saying he never addresses with me, he never talked to me about abandoning this claim for deferral. He never told me, he explained my options. The attorney was under an affirmative obligation to discuss this strategy, especially if you're abandoning, if you are abandoning. Is there a BIA rule? Is there a federal statute, federal rule of evidence, or something that tells us that because the lawyer didn't go out and have his letter notarized, that the BIA made a mistake in considering it? Not notarized. However, under Mendoza v. New Casey, this court did previously say that taking the word of an attorney over a sworn declaration that was submitted by the petitioner was error. So the board did error in not accepting the statement at face value of the petitioner. Can the board sort of peek behind it and look at the evidence that the petitioner would have issued? The board is not allowed to engage in fact-finding at the appellate level. So it would actually have to be remanded to the immigration judge. But in evaluating what the prejudice might be, can the board take a look at it? Of course. I mean, if the board were to say, gee, if Mr. Landoverdi is correct in everything he said, this would or wouldn't amount to a viable claim under CAT. Of course. If there had actually been a factual finding by the immigration judge. On a direct appeal, the Board of Immigration Appeals is not supposed to engage in fact-finding. They evaluate the record as is. So in this case, what the Board of Immigration Appeals should do is remand to the immigration judge for explicit findings. There was no ruling on credibility. So there's a lot missing from this case. The whole reason that you need to show ineffective assistance of counsel is to avoid all the time constraints, isn't it? Because you're late. You have to have tolling. Not necessarily, because the ineffective is still there. I mean, we do need tolling. Okay, I will admit. We do need tolling. You need tolling. So the only way that you can get around the time limits, which you've missed, is to get Yes. However, the bigger issue is that his claim for deferral was never addressed in the first place. And that is kind of like why we're here. Well, I mean, that is the issue of ineffective assistance. But you don't have too much time left. Let me ask you to address a different matter. In one of your 28-J letters, you cite this Damiah case. Yes, Your Honor. How does Damiah relate to your case? Damiah calls into question the aggravated felony statute. Specifically, it relates to crime of violence. But you never challenged that below, did you? The aggravated felony? His case was actually not decided on the crime of violence prong for aggravated felons. Because it had just come out and because of time restraints, I needed to make it to the court. What Damiah does relate, it does tie into Chavez Solis, which also recently came out and which was also submitted in a 28-J letter. Yeah. That case is a little bit more on point in terms of determining 288 as an overbroad statute. So it's over-inclusive. Did you raise the vagueness challenge? Excuse me? You say that case is relevant in terms of an overbroad statute. Did you raise a vagueness challenge before the agency? I don't think so. They, on the motion to reconsider, it was not raised by former counsel, which also goes towards the ineffective assistance of counsel. He could have raised it, and he didn't. Especially under a 2010 case, United States v. Castro. It did hold that 288 was overbroad as well. So there were cases that the attorney should have relied on. He didn't bring it up. So arguably, it goes towards the ineffective assistance of counsel claim. You have just under two minutes. Would you like to reserve it? Yes, Your Honor. Mr. Lutz? Good morning, Your Honors, and may it please the Court, Alexander Lutz for the Attorney General. Your Honors, despite the complex procedural posture of this case, the Court is really called upon to decide only two issues. The first is whether the Board abused its discretion by denying a motion to reconsider that neither challenged factual determinations nor the legal standard applied in the Board's previous decision. That's the issue raised in the first petition for review here, No. 1270137. The second issue the Court is called upon to decide is whether the Board abused its discretion, meaning it acted irrationally, arbitrarily, or contrary to law by denying Mr. Landoverdi's motion for reconsideration, which is based on a claim for deferral of removal under the Convention Against Torture that at bottom is meritless. That's the issue raised in the second petition for review, No. 13-73371.  Your Honors, I'd like just briefly before I discuss these two issues to touch on a couple of points raised by counsel for the petitioner in the time immediately preceding my own. Counsel for the petitioner addressed the aggravated felony question raised by, I think, the Castro case and by one of the 28 J letters that were filed just prior to oral argument. However, I would like to reiterate that that issue is unexhausted. The Board specifically noted at page 163 of the administrative record in the second petition for review, No. 13-73371. What's the date of that decision? Which one is that? Your Honors, I believe that would be the Board's first decision on June 28, 2011. In 2011? Yes, Your Honor. Okay, go ahead. So you're referring to what there? There's a footnote at the bottom of that page, Your Honor, in which the Board notes that the petitioner, Mr. Landaverde, never challenged on appeal whether his crime was an aggravated felony or whether it constituted a particular, excuse me, Your Honors, a particularly serious crime for asylum purposes. That issue is, therefore, unexhausted, and the Court lacks jurisdiction to consider it at this stage. I just wanted to clear that up since that was an issue that was addressed by questioning a few moments ago. But turning to the two issues in the case that I identified a few moments ago, the first is whether Well, but the case, Demey and Johnson, goes not whether a certain set of facts is an aggravated felony, it goes to whether the aggravated felony definition is constitutional, right? Yes, Your Honor. That was an aspect of the Demey decision. However, any void for vagueness argument is also unexhausted, separately from the question of whether Mr. Landaverde's conviction under California Penal Code Section 288A constitutes an aggravated felony. Neither the vagueness issue nor his crime specifically was challenged before the Board, and, therefore, both of those issues would be unexhausted. Could you excuse the failure to exhaust because there is a change in the law? That's possible in some cases, Your Honor, but not in this one. Demey addressed a different aspect of the aggravated felony definition. It dealt with crimes of violence, which was a criminal, excuse me, Your Honor, that portion of the Immigration and Nationality Act imports a criminal statute that had recently been examined by the Supreme Court. That portion of the aggravated felony definition in INA Section 101 is not at issue in this case. Because this aggravated felony was based on what? Because this aggravated felony is sexual abuse of a minor  So the holding of demey is not implicated by this case. And any issue as to whether Mr. Landaverde's conviction constitutes an aggravated felony has not been administratively exhausted, and, respectfully, we would submit that the Court, therefore, lacks jurisdiction to consider it. Your Honors, if it pleases the Court, I'll turn to the two issues I raised just a few moments ago, one raised by each of Mr. Landaverde's petitions for review. His first petition for review implicates the question of whether the Board abused its discretion in denying his motion to reconsider. And I think I may have reversed those when I mentioned this earlier. The first petition for review addresses the motion to reconsider. The second addresses the motion to reopen. Now, while Mr. Landaverde's motion for reconsideration focused on the determination that his criminal conviction constitutes a particularly serious crime, we would submit that the Court need not and should not address that determination today because the Board also based its denial of that motion on a separate, valid procedural ground, any challenge to which Mr. Landaverde has waived by failing to raise that issue in his opening brief. That determination was the Board's conclusion that the motion for reconsideration was procedurally improper because it raised neither factual nor legal challenges. Your Honor, I'll quote you now from 8 U.S.C. I'm sorry, repeat that? It was improper because? Because it challenged neither factual nor legal determinations, Your Honor, which is what the INA requires a motion for reconsideration to do. At 8 U.S.C. section 1229A.C.6.C., the INA states, a motion to reconsider shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority. So it has to either say that the Board in its previous decision misapprehended the facts or that it applied an incorrect legal standard. Here, Mr. Landaverde's motion did neither one of those things. In fact, it specifically adopted the immigration judgment. Well, if it doesn't challenge either of those, what does it challenge? It challenged whether or not, it challenged how the Board in its initial decision had waived the frantescu factors for determining whether Mr. Landaverde's criminal conviction is particularly serious. That's a discretionary issue. Well, no, no, it challenged, isn't that a challenge to the law? Because it's a challenge that says the Board did not follow the frantescu pattern. It didn't, you know, go through each of those factors. Isn't that an issue of law? Respectfully, no, Your Honor. And I would direct the Court's attention to Mr. Landaverde's motion to reconsider itself, which I believe appears around page 139 of the administrative record in case 13-73371. Here are the challenges that Mr. Landaverde raised to the Board's previous decision. He said that he asked the Board to focus not on the age of the victim of Mr. Landaverde's crime, but on other aspects of Mr. Landaverde's conduct. He requested that the Board ignore that Mr. Landaverde's criminal conviction constitutes aggravated felony sexual abuse of a minor, but cited no authority for the proposition that the Board may not consider that fact. And lastly, he asked that the Board consider that Mr. Landaverde could have received a harsher sentence than he did, in fact, receive. The wording of those challenges and the challenges themselves clearly go to how the Board weighed different factors. Well, that's one way to look at it. But the other way to look at it, I mean, if you want to be charitable, maybe you don't. But is that, you know, it's saying the Board didn't go through the frontescue factors like it was supposed to. It just merely parroted the statute. I mean, that's the argument, isn't it? That is an aspect of Petitioner's argument, but we would submit that that argument lacks merit. Well, that's a question of law.  Respectfully, we would disagree, Your Honor. A question of law might say that the Board had applied an incorrect legal standard. That's what it's saying. That's what they're saying, right? Well, respectfully, Your Honor. The Board did not apply a frontescue standard. Well, respectfully, Your Honor, we would submit that there's a difference between challenging the Board as having applied an incorrect standard and challenging how the Board did apply a correct standard. Well, what's the factual question? If it's not a question of law, what is the factual issue? Your Honor, respectfully, there is no factual issue here. The only issue that was raised— I don't think there's a factual issue, and that's why I think it's a question of law. Well, Your Honor, I think we agreed, then, that there's no factual issue raised by Mr. Landeverde's motion to reconsider. But an issue can be a fact of law or of discretion. Discretion goes to how the Board balances the undisputed facts under the correct legal standard. All of this is all fairly interesting, except that the Board then spends the next four paragraphs discussing the thing on the merits. So it says, well, but even if we were to consider this, we would deny it. That seems to go to the merits, and maybe we should focus there. Well, Your Honor, we would submit that even though the Board alternatively said, even if this were a question of law or facts, here's how we think it would shake out, that is an alternative basis for its determination. And the first basis, which is, this isn't a factual challenge, it's not a legal challenge, it's a challenge to how we exercised our discretion, that still stands. And the Board did not abuse its discretion in refusing to reconsider that issue. Your Honor, turning to the particular serious crime determination, however, which we would submit that the Court need not reach and should not reach, given the procedural failings of the motion, and I might reiterate the fact that the petitioner has waived any challenge to that basis of the Board's determination. The Board clearly applied the correct standard, the Frantescu factors. Your Honors, Frantescu, and I'm quoting now, says that these are the factors that the agency uses to determine whether a crime is particularly serious. The nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and most importantly, whether the type and circumstances of the crime indicate that the alien will be a danger to the community. And now I'm quoting from the immigration judge's decision at page 211. In a situation such as this, the immigration court looks to factors such as the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and most importantly, whether the type and circumstances of the crime indicate that the respondent will be a danger to the community. They cited verbatim the Frantescu factors, and they followed that citation by... That's all they did. I mean, they cited the factors, but didn't really apply them. Well, respectfully, we would disagree, Your Honor. From pages 211 to 214 of the administrative record, the immigration judge engaged in four pages of detailed factual analysis. The immigration judge considered what Mr. Landoverdi had specifically done. He committed lewd and lascivious acts upon a 13-year-old girl when he was 24. It considered the fact that California regards the crime as being a serious felony. It considered the fact that under federal law... Yeah, there you go. California considers the crime a serious felony. That's just in the statute. That's saying nothing more than what the statute says. Respectfully, no, Your Honor. We would disagree with that. I think Your Honor is focusing on the petitioner's claim that the board looked only to the elements of the crime. Right. But in the petitioner's brief, what the petitioner is plainly attempting to do is to reduce the factual considerations that the immigration judge and the board actually did examine to different elements of the crime and then say, ah, therefore, because all of these facts can be compared to an element of the crime, the agency considered only the elements of the crime. But, in fact, the agency went far beyond the bare elements. The agency looked at the facts behind the crime, how California law treats this crime, how federal law treats this crime, what the petitioner was sentenced to. That goes far beyond the elements. And the petitioner's attempts to match up... What do you think we should do? Your Honor, I would suggest that the court deny the petition for review in case number 12-70137 just on the basis of the fact that the motion to reconsider didn't raise a factual or legal challenge and, therefore, was procedurally improper. However, if the court disagrees with that proposition, the court should deny the petition for review on the basis that the agency here did exactly what it was supposed to do. It identified the correct standard, which is the Frantescu factors, and then it walked through them and applied them based on the facts of this particular crime. And, Your Honors, if I may, I'd like to turn in my last couple of minutes here to the second petition for review, which raises an ineffective assistance of counsel claim. Now, Your Honors, your questioning of petitioner's counsel during her time focused on a key aspect of this case, which is the fact that it contains a lengthy letter from former counsel explaining that his choice not to appeal the immigration judge's treatment of the CAT deferral issue was a tactical choice, not a mistake. It was a tactical choice because he believed that that was not a viable claim. He wanted to focus his attention instead on the particularly serious crime determination. This Court and the Supreme Court have held that an attorney does not act in an ineffective manner by picking and choosing which claims to pursue. We cited in the brief the Knowles case from the Supreme Court and Sexton v. Cosner from this honorable court. Both say an attorney can focus on which issues to appeal, and that's exactly what former counsel did here. And, Your Honors, for that reason, we would submit that this ineffective assistance of counsel claim fails at the first step, which is whether or not former counsel performed with sufficient competence. Former counsel here reviewed the record, met with the client, looked over the transcripts of the previous proceedings, and on that basis decided not to pursue the CAT deferral issue. Now, Your Honors, the petitioner argues that that letter should be given reduced weight because, as he asserts, it contradicts the petitioner's own affidavit. But we would submit, Your Honors, those two documents are really not in conflict. Former counsel's letter says, This was a conscious strategic decision that was made in consultation with Mr. Landoverde. Nothing in the record, testimony, or documentary evidence, and nothing that Mr. Landoverde said, gave any indication that there would be future torture. Now, Mr. Landoverde says in his affidavit is, My attorney told me he was going to appeal the decision because of my crime. That's consistent with counsel's letter. He never explained to me on what basis he was appealing, which contradicts Mr. Landoverde's own previous sentence, but the fact that he didn't fully understand what former counsel was doing and the fact that former counsel decided to appeal on the basis of the criminal determination, which is what he submits in his affidavit, does not contradict former counsel's letter. And at bottom, Your Honor, as you, Judge Bybee, pointed out, the cat deferral claim here at bottom truly is meritless. There is no evidence that he will be tortured with acquiescence of a government official if he returns to El Salvador. Your Honors, I see my time has expired. We would respectfully submit that the Court should deny both petitions for review. Okay. Thank you, Mr. Lutz. Ms. Barsh, you have time remaining. Thank you, Your Honors. First, I would address the ineffective assistance of counsel claim. Not following through with the deferral of removal claim argument was not a tactical decision. Regardless of how you frame it, it is still ineffective assistance of counsel. There's no page limit on the number of pages that we can submit on our appeal to the Board of Immigration Appeals, nor is there a limit on the issues that we can bring before the Board of Immigration Appeals. That's true, counsel. But sometimes lawyers can take a look at an argument and say, even though I'm entitled to raise as many issues as I want, sometimes it's better to ask the Court to focus on two or three issues rather than giving them 10 or 12 issues. We see that all the time in our brace. Lawyers will decline to, if they're appealing from a trial, to squabble over every ruling by the district judge. If they do it, my advice to my students and to my clerks and to any lawyers that I get the chance to talk to is this is not effective to raise everything. Even if you don't have a page limit, there's no limit on the number of issues you can bring. And if he's made that judgment, why do we get to second-guess him? This is far from obvious that your client has a good cat claim. Your Honor, the cat claim was never adjudicated. I got that. But we have an affidavit from your client telling us what the problem is. It is far from clear that that is a meritorious cat claim. Exactly. Because it is far from clear, the Board of Immigration Appeals, the immigration judge. So why is it ineffective then for the lawyer to spend his time raising a claim that is far from clear is meritorious? Because it was never adjudicated. Because it was never adjudicated. The immigration judge is not free to completely disregard claims from other people. That has nothing to do with ineffective assistance of counsel, the fact that it wasn't adjudicated. It wasn't adjudicated because he was kicked out on a particularly serious crime. Yes, Your Honor. But that was not a ground to deny deferral of removal under Convention Against Torture. Legally, it is insufficient to deny deferral of removal based on a conviction, which this court has also upheld. Because the ineffective was clear on the face of the issue, no competent attorney would have abandoned such a strong argument. Presumption should also be presumed. Finally, regarding the frontescue factors, as this court did point out, the Board of Immigration Appeals simply recited the actual statute. The only individualized factor that they looked at was a probation and the slap on the wrist jail sentence. The record was actually incomplete. You think of the slap on the wrist because he only had one day or so to serve it. You don't consider the amount of probation he was given? The probation was not a deprivation of, it could be construed as a deprivation of liberty. But considering how the government is construing the crime, six days in jail is very common. How do you call it a slap on the wrist? I understand why you can say six days in jail. But he was given six days in jail because the facts of the case showed that he had had a relationship with a 13-year-old girl over a long period of time, but he didn't force the relationship. So I assume that's why they gave him such a short period of time in jail. But they put him on probation so that he would never do it again, or if he did, he'd get into serious difficulty. And so you don't call it a slap on the wrist unless you fail to consider the length of probation. Well, you tell me. Maybe we do. Maybe you're right. But how do we, when we look to see the length of the probation, how do we say it was a slap on the wrist? Well, first and foremost, the facts of the conviction, the underlying of the conviction are unclear. We don't have the plea agreement. No, we don't have it. It hasn't been tested. But it's been alleged and it hasn't been denied. There was never an opportunity, really, to deny it. There's no reason to deny the fact of the conviction, though, is there? Oh, no, no, no. We're not denying the conviction. The conviction is there. The question is the conviction. The 288 section is very overbroad. It includes quite a bit of conduct. Yeah, but the conduct here was a 13-year-old girl having a relationship over a period of time.  We don't know about a relationship over a period of time. All we know is that he did actually plead to a 288. The pre-sentencing report was never substantiated with any extra evidence. So the actual facts are still kind of in question, and there is no plea agreement. So we don't know exactly what conduct under 288. So what do you want us to do? We would respectfully request that this court reverse the holding of the court below and remand accordingly. So my time is up. Okay. Thank you, Your Honors. Thank you, Ms. Barsh. We thank counsel for the argument. Landa Verde is second.
judges: Farris, Tashima, Bybee